☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re: **William Daniel Doe Wilson**              Case No.

Debtors:                                          Chapter 13

## CHAPTER 13 PLAN

**ADDRESS:** (1) 566 Kimbrough Avenue        (2) _____
Atoka, TN 38004

**PLAN PAYMENT:**
**Debtor(1)** shall pay $ **512.00**   (✓) weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
(✓) **PAYROLL DEDUCTION** From: Engineered Comfort Inc.   OR ( ) DIRECT PAY
5369 Crestview Rd.
Memphis, TN  38134

**Debtor(2)** shall pay $ _____   ☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
☐ **PAYROLL DEDUCTION** From: _____   OR ( ) DIRECT PAY

**1. THIS PLAN [Rule 3015.1 Notice]:**

   (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]          ☐ YES   ✓ NO
   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION             ☐ YES   ✓ NO
       OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
   (C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].         ☐ YES   ✓ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; OR ✓ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**                                                     Monthly Plan Payment:

Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, **OR** ☐ Trustee to:
**None**    ongoing payment begins _____                                    $ _____
Approximate arrearage: _____

**5. PRIORITY CLAIMS:**

**-NONE-**                              Amount _____                        $ _____

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); **OR** ☐ Paid by Trustee to:

**None**    ongoing payment begins _____                                    $ _____
Approximate arrearage: _____   Interest _____                              $ _____

**7. SECURED CLAIMS:**

| [Retain lien 11 U.S.C. §1325 (a)(5)] | Value of Collateral: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| **Performance Finance** | 6,040.00 | 10.25% | $**133.00** |
| **Wells Fargo** | 16,492.00 | 10.25% | $**364.00** |

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325 (a)]    Value of Collateral:    Rate of Interest    Monthly Plan Payment:

[Retain lien 11 U.S.C. §1325 (a)]    Value of Collateral: _____    Rate of Interest _____    Monthly Plan Payment: $_____

**-NONE-**

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

**-NONE-**    Collateral: _____

**10. SPECIAL CLASS UNSECURED CLAIMS:**

**-NONE-**    Amount: _____    Rate of Interest _____    Monthly Plan Payment: $_____

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

**None**    ☐ Not provided for    **OR**    ☐ General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

**-NONE-**

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $**

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐    _____ %, OR,
☑    THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

**None**    ☐ Assumes    **OR**    ☐ Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**

**None**

ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/ Laura L. Sanford    Date  May 30, 2023
Laura L. Sanford 19575
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**