**Dated: August 18, 2023**
**The following is ORDERED:**



_____
**Denise E. Barnett**
**UNITED STATES BANKRUPTCY JUDGE**

_____

```
                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF TENNESSEE
```

| | |
|---|---|
| In Re: | Chapter 13 |
| WILLIAM DANIEL WILSON | |
| Debtor(s) | Case No. 23-22577-B |

Order Confirming Plan Combined With Related Orders

_____

   It appearing to the Court that the debtor(s) has (or have) filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from statements of the Chapter 13 Trustee, and the entire record herein, that the plan as finalized complies with 11 U.S.C. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

   IT IS THEREFORE, ORDERED BY THE COURT:

1. That the debtor(s)' plan, which is attached hereto, is confirmed;

2. That the debtor(s) pay into the plan as follows:

   Debtor One Employer   ENGINEERED COMFORT INC              $512.00 WEEKLY

   If this is different from the originally proposed plan amount, then the Chapter 13 Trustee is authorized to submit a separate order changing payment. Furthermore, the debtor(s)' future earnings shall remain property of the estate and under the exclusive control of this Court pursuant to 28 U.S.C. §1334(e) and 157(a). In the event of a case dismissal, funds held by the Chapter 13 Trustee shall be paid to creditors in accordance with the terms of the plan unless otherwise ordered by the Court.

3. All property shall remain property of the Chapter 13 estate under 11 U.S.C. §541(a) and 1306(a) and shall revest in the Debtor(s) only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $3,500.00. The attorney has received $300.00 to be retained.

5. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts.  If the debtor(s) surrender(s) with Court authorization any real property during the pendency of this case or such property is abandoned, the real property will no longer be property of the estate; the automatic stay shall terminate regarding the interests of affected real property taxing authorities, and the Chapter 13 plan may be modified accordingly.

6. The balances of any student loans shall survive discharge if the plan indicates same.

CC: Jennifer K. Cruseturner        /s/ Jennifer K. Cruseturner
                                   Chapter 13 Trustee
    LAURA L SANFORD ATTY
    13724 HIGHWAY 51 S
    ATOKA, TN  38004

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In re: WILLIAM DANIEL WILSON                              Case No.23-22577-B

Debtor(s).                                                Chapter 13

## CHAPTER 13 PLAN

ADDRESS:   566 KIMBROUGH AVENUE
           ATOKA, TN 38004-0000

PLAN PAYMENT:

Debtor 1   ENGINEERED COMFORT INC             Payroll        $512.00   WEEKLY
           5369 CRESTVIEW RD
           MEMPHIS, TN 38134

1. THIS PLAN [3015.1 Notice]:

   (A) CONTAINS NOT STANDARD PROVISION(S). (See Plan Provision #19)          N0
   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF          NO
       THE COLLATERAL FOR THE CLAIM. (See Plan Provisions #7, #8)
   (C) AVOIDS A SECURITY INTEREST OR LIEN. (See Plan Provision 12)           NO

2. ADMINISTRATIVE EXPENSES: PAY FILING FEE AND DEBTOR(S)' ATTORNEY FEE PURSUANT TO CONFIRMATION ORDER.

3. AUTO INSURANCE: Not included in Plan.

   2016 DODGE RAM                     Plan Insurance Is Suspended        $0.00

   |  | Sch/Clm | Value | Interest | Mthly Pymt |
   |---|---|---|---|---|

4. DOMESTIC SUPPORT:

5. PRIORITY CLAIMS:

6. HOME MORTGAGE CLAIMS:

7. SECURED CLAIMS [Retain lien 11 U.S.C. 1325 (a)(5)]:

   | | Sch/Clm | Value | Interest | Mthly Pymt |
   |---|---|---|---|---|
   | WAYFINDER BK AS AGENT FOR | 6,164.45 | $6,164.45 | 10.25% | $133.00 |
   | WELLS FARGO AUTO | 16,540.18 | $16,540.18 | 10.25% | $364.00 |

8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITH ONE YEAR OF FILING:

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:

10. SPECIAL CLASS UNSECURED CLAIMS:

    | | Sch/Clm | Interest | Mthly Pymt |
    |---|---|---|---|
    | GENERAL SESSIONS COURT CLERK | 225.00 | 0.00% | $5.00 |

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

| Creditor | Amount |
|---|---|
| CAPITAL ONE NA BY AMERICAN INFOSOU | $2,092.30 |
| CARE CREDIT | $8,702.00 |
| RESURGENT CAPITAL SERVICES | $2,882.52 |
| RESURGENT CAPITAL SERVICES | $1,575.37 |
| DISCOVER BANK/DISCOVER PRODUCTS IN | $8,235.34 |
| FIRST NATIONAL CREDIT CARD | $2,857.00 |
| JEFFERSON CAPITAL SYSTEMS LLC | $1,726.76 |
| JEFFERSON CAPITAL SYSTEMS LLC | $1,200.56 |
| GASTRO ONE | $462.00 |
| GASTRO ONE | $2,092.00 |
| JPMORGAN CHASE BANK NA | $7,148.97 |
| JPMORGAN CHASE BANK NA | $2,827.94 |
| RESURGENT CAPITAL SERVICE | $3,572.06 |
| METHODIST LEBONHEUR HEALTHCARE PAT | $50.00 |
| PROSPER MARKETPLACE INC | $7,594.00 |
| RESURGENT CAPITAL SERVICES | $6,146.04 |
| RESURGENT CAPITAL SERVICES | $5,158.86 |
| UPGRADE INC | $3,564.00 |
| UPSTART NETWORK | $15,651.63 |
| UPSTART NETWORK | $3,617.43 |

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: 86,505.00

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS: Set To 100.00%

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:

17. COMPLETION: PLAN SHALL BE COMPLETED UPON PAYMENT OF THE ABOVE, APPROXIMATELY 60 MONTHS.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISION(S):

    ANY NON STANDARD PROVISION STATED ELSEWHERE IS VOID

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.